UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROSEANN L MAXEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-cv-01286-TWP-TAB |
| | ) |
| ACCESS THERAPY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

The latest developments in this case reflect what the undersigned believes is a continuing and troubling trend of ignoring Court-ordered deadlines and instructions.

This case was set for a settlement conference on November 2, 2017. The order setting this conference required the parties to submit confidential settlement statements to the Magistrate Judge three business days before the conference, i.e., by October 30. [Filing No. 29.] In violation of this order, Defendant did not file its statement until the morning of November 2. Plaintiff filed nothing at all until contacted by the Court on November 2, at which time Plaintiff submitted a one-page, fairly unhelpful statement. In addition, the parties were to have exchanged updated settlement proposals in advance of the conference, and were required to submit those proposals to the Magistrate Judge. That did not happen. Counsel had no justification for these shortcomings other than a failure to read and follow the order, which of course is unacceptable. Accordingly, the Court vacated the settlement conference, admonished counsel, and ordered the parties to proceed to private mediation. The parties were ordered to report to the Court the results of this private mediation by January 2, 2018.

As a result of the lawyers' inattention to their obligations as counsel of record, they wasted judicial resources. Such resources are particularly scarce at this time given that the

Southern District of Indiana is operating under a judicial emergency, which has been exacerbated by the recent deaths of Senior District Judge Larry J. McKinney and Magistrate Judge Denise K. LaRue.  District Judges and Magistrate Judges from across the Seventh Circuit have generously given their time to travel to this district to help the judges here with their caseloads during this challenging period.  It is against this backdrop that the undersigned is increasingly frustrated with lawyers that neglect to read and follow a straightforward order.  This is particularly so given that the order at issue was crafted with the intention of providing the Magistrate Judge with the essential background information needed to assist the lawyers and their clients in resolving their dispute.  *See also Lawrence v. Wolfe*, No. 1:15-cv-1741-RLY-TAB (S.D. Ind. Aug. 1, 2016) at *1 ("The undersigned has witnessed a disturbing trend.  With increased frequency, counsel have been failing to appear for scheduled conferences . . . .").

Not only were judicial resources wasted, counsel wasted their clients' time and money too, as well as their own.  In this case, the lawyers' failure to serve the required updated settlement proposals and the settlement statements resulted in the Court vacating the settlement conference at the last minute and ordering the parties to private mediation.  Unfortunately—and avoidably—this will add delay and expense to the litigation.

A trend can be defined as a current style.  The undersigned remains hopeful that lawyers engaging in such practices will more carefully focus on the task at hand and that, as a result, the troubling trend described above will pass.

Date:  11/3/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

All ECF-registered counsel of record via email.